10-2204-cv
Neron v. Cossette

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand eleven.

PRESENT: DENNIS JACOBS,
                  <u>Chief Judge</u>,
        JOSÉ A. CABRANES,
                 <u>Circuit Judge</u>,
        MARK R. KRAVITZ,<sup>*</sup>
                 <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

JOHN NERON,

     <u>Plaintiff-Appellant</u>,

     -v.-                              10-2204-cv

JEFFRY W. COSSETTE,

     <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - -X

---

<sup>*</sup> The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

**FOR APPELLANT:**      SALLY A. ROBERTS (John R. Williams, New Haven, CT, <u>of counsel</u>), Law Office of Peter Upton & Associates, New Britain, CT.

**FOR APPELLEE:**      JOHN H. GORMAN, City of Meriden Department of Law, Meriden, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dorsey, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant John Neron appeals from a judgment entered on March 8, 2010 by the United States District Court for the District of Connecticut (Dorsey, <u>J.</u>), granting summary judgment for Defendant-Appellee Jeffry Cossette, the chief of the Meriden Police Department, on Neron's First Amendment retaliation claim under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A grant of summary judgment is reviewed <u>de novo</u>, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>Terry v. Ashcroft</u>, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

"To survive summary judgment on a First Amendment retaliation claim, a public employee must bring forth evidence showing that he has engaged in protected First Amendment activity, he suffered an adverse employment action, and there was a causal connection between the protected activity and the adverse employment action." <u>Anemone v. Metro. Transp. Auth.</u>, 629 F.3d 97, 114 (2d Cir. 2011) (internal quotation marks omitted).

Neron provides insufficient evidence of causation to warrant "the inference that the protected speech was a substantial motivating factor in the adverse employment action." <u>Cotarelo v. Village of Sleepy Hollow Police Dep't</u>, 460 F.3d 247, 251 (2d Cir. 2006) (internal quotation marks omitted). He relies exclusively upon the temporal proximity between his complaint to the Connecticut Commission on Human

2

Rights and Opportunities ("CCHRO") and the internal investigations, suspensions, and (allegedly) forced resignation that he faced. Although "[a] plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action," see Espinal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009), for such a showing to "provide an independent basis for an inference of causation, temporal proximity must be significantly greater" than a case with corroborating evidence. Mandell v. Cnty. of Suffolk, 316 F.3d 368, 384 (2d Cir. 2003) (emphasis added).

Neron was subjected to three internal investigations and two suspensions within three months of his CCHRO complaint. However, the chronology does not support an inference of retaliation: The criminal trespass investigation pre-dated the CCHRO complaint; the second investigation was initiated by a private citizen just two days after CCHRO received Neron's complaint; and Neron's involvement in the third investigation, prompted by the discovery of a prisoner's unsecured property, was not known to the police until after a sergeant began investigating. The second and third investigations were commenced shortly after Neron's complaint was filed, but Cossette did not initiate them. Nor were the two suspensions so harsh as to raise an inference of retaliation, given the circumstances of each offense, Neron's recidivism, and his false statements at the disciplinary hearings.

The investigation of Neron's mishandling of a domestic relations claim, begun more than twelve months after the CCHRO complaint, is too attenuated to be causal.

We have considered all of Neron's arguments and conclude that they lack merit. For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3